W. M. WATSON, Receiver, etc., v. A. R. HOLTON et al.

*Guardian, Investment by—Surety on Borrower's Bond.*

1. The policy of section 1592 of *The Code* is to require an investment by a guardian to be secured by the bond or note of some person in addition to the borrower

2. Where a guardian lent his ward's money to one member of a firm for the private purposes of the latter, taking his bond, with the borrower's partner as surety, both of whom were solvent at the time, but afterwards became insolvent, the guardian is not liable for the loss, for " in addition to the borrower," there was a person responsible for the loan who might have remained solvent, despite the insolvency of his partner, the borrower.

This was a CIVIL ACTION heard before *Graves, J.,* at the Spring Term, 1894, of CRAVEN Superior Court, said action being heard upon the following facts agreed, which constitute the case on appeal:

" That the defendant A. R. Holton, as guardian of said infants, at the time of the execution of the bond described in the complaint, executed by L. H. Spier and Samuel Quinnerly, had in his hands money belonging to said infants for investment, as required by law.

" That, as such guardian, he did lend to said L. H. Spier, for his own private purposes, the sum of $500, and for the same took the said bond executed by said L. H. Spier and Samuel Quinnerly as surety.

" That at the time he made said loan and took said bond the said L. H. Spier and Samuel Quinnerly, the surety on said bond, were both solvent and reputed to have a large amount of property, and were believed by said guardian and the community in which they lived to be men of large means and perfectly solvent.

" That said guardian, relying on the said reputation and standing of said L. H. Spier and Samuel Quinnerly, and in

good faith, made said loan, had said bond executed to him for same.

"That at the time of said loan and the execution of said bond as aforesaid, the said L. H. Spier and Samuel Quinnerly were partners in trade, carrying on a merchandise business in Snow Hill, Greene County, N. C.

"That said L. H. Spier and Samuel Quinnerly had much and valuable property other than the property which they had as such co-partners, and which was their individual property at the time of making said loan and execution of said bond as aforesaid.

"That thereafter, and before the commencement of this action, the said Samuel Quinnerly and L. H. Spier became insolvent.

"That said guardian tried to collect the said bond, but has been unable to do so."

Upon the foregoing facts his Honor adjudged that the defendant go without day, etc., and plaintiff appealed.

*Mr. O. H. Guion*, for plaintiff (appellant).
No counsel *contra*.

BURWELL, J.: It is charged against the defendant that he loaned out his ward's money upon bond without sufficient security, contrary to the provisions of section 1592 of *The Code*. In *Boyette* v. *Hurst*, 1 Jones' Eq., 166, it is said that the policy of this statute "is to require the investment to be secured by the bond or note of some person *in addition to the borrower*." Hence it was there decided that a note signed by a firm as a principal debtor, and one of the members of it as surety, did not fill the requirement of the law, for in such case the surety was one of the borrowers. No person "in addition to the borrower" had become responsible for the payment of the note. If the firm, the borrower, became insolvent, the pretended surety also became insolvent. This

sound principle does not fit our case, for here there is a person "in addition to the borrower," who has become responsible for the loan. The borrower might become insolvent without involving the surety in his ruin.

Affirmed.